8833

GILL *ET AL.* v. RUGGLES.

(81 S. E. 519.)

TRIAL. EVIDENCE. APPEAL. DISPOSITION OF CASE. EXCEPTIONS.

1. Where it appears from the exceptions that the trial Court and the attorneys understood that the objection to a certain line of testimony was to continue throughout the trial, it was not necessary to repeat the objection every time similar evidence was offered.

2. Where the defendant, by a written contract, agreed to purchase certain land for a named sum, and thereafter to convey it to a corporation to be formed by the parties to the contract in exchange for a proportion of the preferred stock of the company, the amount of which stock was to depend upon the consideration paid for the land and the improvements made thereon, which were to be paid for by defendant, the amount of consideration was contractual, and not merely inserted in the contract by way of recital, and parol evidence to vary such amount was inadmissible.

3. Testimony by the plaintiffs that they had paid a part of the purchase price of certain lands which the defendant had agreed to pay was admissible, where such payment was alleged in the complaint, even though it was not alleged that the payment was made at defendant's request or ratified by him, since objection to testimony tending to prove allegations made is not a proper method of questioning the sufficiency of the complaint.

4. An exception to the admission of irrelevant evidence will be overruled, without determining whether such ruling was erroneous, where it does not appear that the ruling was prejudicial to appellant.

5. Exceptions to the refusal to direct a verdict cannot be sustained, even though the testimony tending to prove the allegations of the complaint was erroneously ruled to be competent.

6. Upon appeal from such erroneous rulings a new trial will be granted; but the Supreme Court will not order a nonsuit.

7. Exceptions which refer to facts to be found elsewhere than in the exceptions themselves are insufficient in form, and cannot be considered.

Before M. L. BONHAM, special Judge, Marion, November, 1912.    Reversed.

Action by Charles E. Gill and others against Charles F. Ruggles.    Judgment for plaintiffs, defendant appeals.

The material paragraphs of the first cause of action were as follows: "Third. That at Marion, in the county of Marion, in the State of South Carolina, during the month of December, 1908, the defendant, Charles F. Ruggles, agreed and contracted to purchase from the Midland Timber Company and Southern Land & Timber Company certain timber and timbered lands, situate in said county of Marion and State of South Carolina, at and for the sum of $400,000.

"Fourth. That at said time and place, preliminary to said purchase, the defendant herein agreed and contracted with these plaintiffs and with one R. C. Libbey to advance $375,000 of said sum, and, if these plaintiffs, with R. C. Libbey, would agree to secure $25,000 of said purchase price for the defendant, that he, the said defendant, would assume and pay said indebtedness.

"Fifth. That, in accordance with said agreement, on the 24th day of December, A. D. 1908, the defendants herein paid to said timber companies said sum of $375,000, and these plaintiffs, with one R. C. Libbey, executed and delivered to said timber companies their promissory notes, in writing, whereby they jointly and severally contracted to pay to said timber companies said sum of $25,000 six months from said 24th day of December, 1908, with interest

at the rate of six per centum per annum, with the privilege, however, of renewing same at maturity.

"Sixth. That, in accordance with said agreement of purchase, the said timber companies conveyed to said Charles F. Ruggles the timber and timbered lands theretofore agreed upon. That, at and before the execution of said notes by these plaintiffs and R. C. Libbey, the defendant, Charles F. Ruggles, for value received, agreed and contracted with these plaintiffs and R. C. Libbey to assume and pay said notes when due, as aforesaid, which said notes were given as part consideration for the timber then conveyed to said Charles F. Ruggles.

"Seventh. That, although said notes have been renewed from time to time by these defendants and said R. C. Libbey, and are now long past due, and suit has been instituted against these plaintiffs, jointly and severally, to enforce the payment of said notes, yet the defendant has paid no part of same, and has failed and refused upon demand to pay same, or a part thereof."

The material paragraphs of the second cause of action were:

"Third. That at Marion, in the county of Marion, in the State of South Carolina, during the month of December, 1908, the defendant, Charles F. Ruggles, agreed and contracted to purchase from the Midland Timber Company and Southern Land & Timber Company certain timber and timbered lands, situate in said county of Marion and State of South Carolina.

"Fourth. That for the benefit and with the knowledge of the said Charles F. Ruggles, these plaintiffs paid to said timber companies the sum of $25,000 on the purchase price of said timber and timberland, and said timber companies on the 24th day of December, 1908, duly conveyed the said timber and timberlands to the said Charles F. Ruggles; and he thereby became seised in fee and possessed of said timber and timberlands.

"Fifth. That these plaintiffs have received no benefit whatever from the sum so paid to said timber companies for the exclusive benefit of the defendant, Charles F. Ruggles.

"Sixth. That the said Charles F. Ruggles received the benefit of said sum of $25,000 so paid by plaintiffs, has failed and refused to repay the same, and is now due and owing these plaintiffs said sum of $25,000, with interest from said date."

Defendant introduced the following agreement:

"Supplemental agreement, made and entered into this 23d day of December, 1908, between Charles E. Gill, of Wausau, Wisconsin; Charles H. Leib, of Minneapolis, Minnesota, and Charles F. Ruggles, of Milwaukee, Wisconsin, witnesseth:

"Whereas, These parties entered into an agreement under date of August 10, 1908, looking towards the acquisition of certain timberlands and timber rights in the State of South Carolina, and providing for financing the purchase and operation thereof on certain contingencies; and,

"Whereas, Since the said date the said timber had been examined, and the owners of said timber and said timberlands and rights have now agreed to sell the same to these parties, including certain other timbers in the vicinity, estimated to contain approximately thirty million (30,000,000) feet of timber, for the sum of three hundred and seventy-five thousand ($375.000) dollars cash; and,

"Whereas, The said Ruggles, on the conditions herein named, has agreed to furnish such money and perfect the said purchase:

"Now, therefore, this agreement witnesseth, that the Wisconsin-Carolina Lumber Company, mentioned in the said contract of August 10, 1908, having relinquished all of its rights to purchase the said timber and timberlands and rights to the said Gill, that the said Gill hereby surrenders and assigns all right to purchase the said timber, timberlands,

and rights in the same to the said Ruggles, and the said
Ruggles agrees to pay the said consideration of three hun-
dred and seventy-five thousand dollars and take the title to
said property, and these parties shall thereupon proceed to
the organization of a corporation under the laws of the
State of South Carolina, and in such organization provide
for two classes of stock, preferred and common. The pre-
ferred stock in such organization shall be issued bearing 6
per cent. per annum cumulative dividends to cover the cash
investment in said property and in any improvements that
may be made thereon in the way of manufacturing plants,
etc., for which the said Ruggles shall furnish the money, as
hereinbefore stated. There shall be an issue of common
stock in such amount as shall be agreed upon as convenient,
which common stock in said organization will represent all
of the net profits thereof, and the same shall be divided
between these parties as follows: To the said Ruggles and to
his nominees, sixty (60%) per cent. thereof, and to the
said Gill and Leib and their nominees, forty (40%) per
cent. thereof.

"In the said Wisconsin & Carolina Company, which has
relinquished its rights, the said Gill and said Leib, H. S.
Wunderlich, R. C. Libbey, and some others were interested
and put in certain sums of money, with the exception of said
Libbey, who put in certain sawmill property. The said
Libbey and Wunderlich are to be engaged in the active
operation of the manufacturing plant which is to be erected
by the corporation to be organized, as provided in this agree-
ment, until their services in that behalf are terminated by
the corporation, and the said Gill and said Leib agree that
they shall be so engaged and so serve the corporation, but
neither they nor any of the parties to this agreement shall
receive any salary or draw any money for living expenses
or personal expenses, other than for expenses incurred in
the conduct of the business of the corporation, and whatever
moneys are advanced to any of said parties, including the

said Libbey and Wunderlich for living expenses, shall be charged to them on the books of the corporation and interest at the rate of 6 per cent. accumulative thereon, all of said parties receiving such benefits and profits as they will derive through being interested in the distribution of the common stock of the said corporation, in full satisfaction of any interests they had in the said Wisconsin-Carolina Lumber Company, and in full compensation for the services they are to render to the new corporation.

"The said corporation shall be so organized that these parties shall co-operate together for the good thereof, and for their mutual good, and the said Gill and said Leib shall devote themselves to the active work of the conduct of the business of said corporation as long as they shall remain in managerial positions therein, and shall use their best endeavors to carry through to a successful termination the undertaking and enterprise involved in the manufacture and sale of said timber and the products thereof.

"As before, it is now contemplated that a manufacturing plant adequate and appropriate to the business shall be constructed and put in operation upon the premises on the site already provided for, without further delay, and as soon as practicable in the due course of business, and the said Ruggles has agreed and does hereby agree to furnish funds for the construction of such plant and the conduct of the business at a working capital up to and not to exceed the sum of one hundred and fifty thousand ($150,000) dollars, for which preferred stock in said corporation shall be issued, the same as the initial investment in said property. Said amount shall be made available from time to time, as required, and paid out according to such system of business that may be adopted in the conduct of such undertaking.

"Upon the organization of such corporation, said Ruggles will convey the said property over to it, and the said stock therein shall be issued and divided in accordance herewith.

"In witness whereof, the parties hereto have hereunto set their hands and seals all the day and year first above written.

         "(Signed)     CHARLES E. GILL.     (Seal.)
         "(Signed)     CHARLES H. LEIB.     (Seal.)
         "(Signed)     CHARLES F. RUGGLES.     (Seal.)

"In the presence of:

     "(Signed)    Chester B. Wright,
     "(Signed)    John H. Rademaker."

The exceptions upon which the defendant based his appeal were as follows:

"I. Because his Honor erred, it is respectfully submitted, in allowing the plaintiffs, Charles E. Gill and H. S. Wunderlich, to testify, over the objection of the defendant, as to negotiations with the defendant at Marion, S. C., relative to the purchase of certain property mentioned in the complaint, at a date prior to December 23, 1908, on the ground that all such negotiations were subsequently merged into a written agreement bearing date December 23, 1908, and in refusing to strike out said testimony on motion of the defendant on the same ground.

"II. Because his Honor erred, it is respectfully submitted, in allowing the plaintiffs, Charles E. Gill and H. S. Wunderlich, to testify, over the objection of the defendant, as to negotiations with the defendant at Marion, S. C., regarding the property mentioned in the complaint, at a time prior to December 23, 1908, on the ground that the same tended to contradict and vary the terms of a written instrument bearing date December 23, 1908, introduced in evidence, and in refusing to strike out the said testimony on motion of the defendant on the same ground.

"III. Because his Honor erred, it is respectfully submitted, in allowing the plaintiffs, Charles E. Gill and H. S. Wunderlich, to testify, over the objection of the defendant, as to negotiations with the defendant at Duluth, Minn., at and before the execution and delivery of a written instru-

ment bearing date December 23, 1908, on the ground that the said testimony tends to contradict and vary the terms of the said written instrument, and in refusing to strike out the said testimony on motion of the defendant on the same ground.

"IV. Because his Honor erred, it is respectfully submitted, in allowing the plaintiffs, Charles E. Gill and H. S. Wunderlich, to testify, over the defendant's objection, that they gave their notes to the timber companies mentioned in the complaint in part payment for the property therein mentioned, in that there is no allegation in the second cause of action set forth in the complaint as amended that the alleged payment by the plaintiffs was made at the request of the defendant, or that he subsequently ratified the same, and in refusing to strike out the said testimony on motion of the defendant on the same ground.

"V. Because his honor erred, it is respectfully submitted, in allowing the plaintiff, H. S. Wunderlich, to testify in reply, as set forth below, over the defendant's objection, in that the said testimony was not in reply to any evidence offered by the defendant, and in that the said testimony was not relevant to any issue in the case, and in that the defendant was prejudiced by the admission of the said testimony. The said testimony is as follows: 'Q. Mr. Wunderlich, is the Southern Carolina Lumber Company now in operation? A. They are not. Q. Who owned, if you know, of your own knowledge, the controlling interest in that corporation? * * * Q. Who owned at the time that mill was shut down the controlling stock in that corporation? A. Charles F. Ruggles. * * * Q. Do you know of your own knowledge who owned the majority of the stock of the Southern Carolina Lumber Company when it was shut down? A. I do. Q. Mr. Wunderlich, were you manager of that corporation during the last year of its existence? A. I was. * * * Q. Mr. Wunderlich, did the Southern Carolina Lumber Company, in the last year of its operation, make money? A.

Yes. * * * Q. Mr. Wunderlich, were the property and assets of the Southern Carolina Lumber Company sold? * * * Q. Answer the question. A. They were. * * * Q. Did you get anything for the sale of that property? A. I did not. * * * Q. Mr. Wunderlich, since the purchase of these lands and timber by Mr. Ruggles, has lumber and timberlands advanced in value? A. It has. * * *'

"VI. Because his Honor erred, it is respectfully submitted, in refusing to direct a verdict in favor of the defendant on the grounds set forth in the motion of the defendant, as shown by the record.

"VII. Because his Honor erred, it is respectfully submitted, in refusing the defendant's motion for the direction of a verdict in his favor, made after his Honor permitted the plaintiffs to amend their second cause of action, on the ground that there is no allegation in the second cause of action as amended that plaintiffs paid to the timber companies the amounts alleged at the request of the defendant, nor is there any allegation that he subsequently ratified or affirmed such payment.

"VIII. Because his Honor erred, it is respectfully submitted, in charging the second request of plaintiffs, as signified by him, in that the said request was not applicable to any of the issues in the case, for the reason that the first cause of action set forth in the complaint is based upon an express promise, and the second cause of action is for money paid, while said request purports to state the law applicable to a cause of action for money or property had and received, and the charging of such inapplicable and irrelevant proposition of law was highly prejudicial to the defendant.

"IX. Because his Honor erred, it is respectfully submitted, in refusing to charge the defendant's second request to charge as to the second cause of action set forth in the complaint, in that the defendant would not be liable under the said second cause of action, unless the notes in question were given at his request, or unless he subsequently ratified

the giving of the said notes, because a voluntary payment, even if made for his benefit, would not render him liable.

"X. Because his Honor erred, it is respectfully submitted, in refusing to charge the defendant's third request to charge, in that the same contains a correct proposition of law applicable to the issues in the case, and stated no facts except those admitted by the plaintiffs.

"XI. Because his Honor erred, it is respectfully submitted, in refusing to charge defendant's fifth request to charge, in that the same contains a correct proposition of law applicable to the issues in the case.

"XII. Because his Honor erred, it is respectfully submitted, in refusing defendant's motion for a new trial, on the grounds set forth in such motion, as shown by the record."

*Messrs. Washburn, Bailey & Mitchell* and *W. F. Stackhouse,* for appellant, cite: *Where the consideration of a contract is contractual in its nature, the general rule applies that it cannot be varied, added to or contradicted by parol extrinsic evidence:* 17 Cyc. 656, 657, 659; 24 N. E. 371; 72 Miss. 932; 30 L. R. A. 441; 58 Miss. 537; 31 S. W. 843; 22 N. E. 737; 56 Pac. 1; 47 Minn. 367; 50 N. W. 245; 70 N. W. 575; 3 S. E. 511; 110 S. W. 622; 21 So. 655; 62 S. E. 510; 80 N. E. 479; 104 Minn. 370; 116 N. W. 925; 46 S. C. 372, 411; 79 S. C. 134; 81 S. C. 114; 82 S. C. 411; 83 S. C. 204; 84 S. C. 410. *Under the second alleged cause of action no cause of action was alleged or proved for money "had and received." None was alleged or proved for "money paid." Resulting trusts:* 56 S. C. 78; 70 S. C. 344, 356; 73 S. E. 1029. *Facts do not authorize recovery on implied promise:* 33 S. C. 140, 141; 3 Strob. L. 530; 1 Strob. 258; 3 Brev., \*page 380 (p. 462). *Action for money paid:* 62 Pac. 283; 14 Enc. Pl. & Pa. 53; 136 Mass. 15; 70 N. E. 202; 38 W. Va. 390; 23 L. R. A. 120; 115 N. W. 1072; 16 L. R. A. (N. S.) 233; 127 S. W. 111; 92 N. E. 507; 134 S. W. 1103. *Measure of recovery:* 124 Mass. 479; 80 Pac.

1027; 116 Mass. 416; 51 N. Y. 583. *Right of action between surety and principal:* 53 N. E. 815; 11 S. C. 110; 40 So. 53.

*Messrs. Shand, Benet, Shand & McGowan,* also for appellant.

*Messrs. Willcox & Willcox, Henry E. Davis* and *Henry Buck,* for respondent, cite: *Exceptions defective:* 51 S. C. 55; 52 S. C. 166, 472; 59 S. C. 1; 95 S. C. 90, 382. *Objection not passed upon by trial Court:* 60 S. C. 14; 59 S. C. 243; 53 S. C. 80. *Objection not made:* 83 S. C. 62. *Irrelevant testimony:* 78 S. C. 36. *Parol evidence admissible to show true consideration of contract:* 26 S. C. 304; 58 S. C. 284; 85 S. C. 199; 41 S. C. 153; 40 S. C. 146; 56 S. C. 252; 89 S. C. 256. *Parol testimony to show entire contract:* 27 S. C. 376; 61 S. C. 166; 26 S. C. 312; 53 S. C. 547; 85 S. C. 486; 92 S. C. 226; 79 S. C. 459; 89 S. C. 73; 89 S. C. 415; 57 S. C. 60; 66 S. C. 61; 90 S. C. 454. *Rescission of written contract by parol:* 79 S. C. 141; 73 S. C. 241. *Error in admission of irrelevant testimony harmless:* 83 S. C. 287. *Exception too general:* 51 S. C. 55. *Ratification of payment:* 73 S. C. 83; 27 Cyc. 838; 84 S. C. 263. *Objections not urged on Circuit waived:* 75 S. C. 74, 201; 87 S. C. 18; 88 S. C. 281; 89 S. C. 378; 90 S. C. 470. *Objection insufficient:* 60 S. C. 67; 63 S. C. 1. *Exception indefinite:* 90 S. C. 470. *Motion to strike out testimony:* 52 S. C. 281; 94 S. C. 406. *Evidence in action for money paid:* 2 Greenleaf Ev., sec. 113; 59 S. C. 81; 70 S. C. 380; 46 S. C. 37; 27 Cyc. 837; note to 4 Am. & Eng. Dec. Eq. 346; 94 S. C. 406; 2 Greenleaf Ev., sec. 114; Kesner Quasi Contracts 388; 27 Cyc. 837.

April 28, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action to recover the sum of $25,000 and interest, alleged to be due the plaintiffs by the defendant.

The complaint contains two causes of action, which will be reported, omitting paragraphs numbered 1, 2, and 8 of the first cause of action, and 1 and 2 of the second cause of action. The jury rendered a verdict in favor of the plaintiffs for the full amount claimed, and the defendant appealed upon exceptions, which will likewise be reported. The agreement introduced in evidence by the defendant, dated the 23d of December, 1908, will also be reported

First, second, and third exceptions: These exceptions assign error on the part of his Honor, the presiding Judge, in allowing the plaintiffs to introduce certain testimony, to which the defendant made objection, on the ground that it tended to vary and contradict the written instrument hereinbefore mentioned. The respondent's attorneys contend that these exceptions do not point out with definiteness the testimony to which the defendant objected, and are, therefore, too general for discussion; also that they should not be considered, for the reason that the grounds of objection were not stated. When it appears, as it does in this case, that the Court and the attorneys understood the objection to continue throughout the trial, it was not necessary to repeat it every time similar testimony was offered.

Parol testimony is admissible to show a different consideration from that expressed in a written instrument when it was intended as a mere recital, as this would not otherwise change the terms of the written agreement; but it is not admissible when the consideration is contractual, as in that event such testimony would alter the force and effect of the writing in other respects. The authorities upon which the appellant's attorneys rely fully sustain this proposition.

By reference to the contract between said parties, dated the 23d of December, 1908, it will be seen that the sum of $375,000 was agreed upon as the price for the timberlands, and that the defendant, *Ruggles,* agreed to furnish that

amount and perfect the said purchase upon certain conditions; that said timberlands were to be conveyed to Ruggles, *who agreed to pay the consideration of $375,000,* and take the title to said property; that the parties to the contract were thereupon to proceed to the organization of a corporation, and in such organization provide for two classes of stock, preferred and common; the *preferred* stock in the organization was to bear 6 per cent. per annum cumulative dividends to cover the *cash investment* of said property, etc., for which the said *Ruggles was to furnish the money,* as hereinbefore stated. There was a provision that the common stock should be divided as follows: To the said Ruggles and his nominees, 60 per cent. thereof, and to the said Gill and Leib and their nominees, 40 per cent. thereof. Upon the organization of the corporation Ruggles was to convey the property over to it, and the stock was to be issued and divided in the manner just stated.

It will thus be seen that the price of the timberlands, and by whom it was paid, determined the amount of preferred stock, and to whom it should be issued, and that the manner in which the corporation should be organized and controlled was dependent upon these two facts. The parol testimony tended to alter, vary, and contradict the written agreement in these material respects. The exceptions are therefore sustained.

Fourth exception: In the second cause of action it is alleged that the plaintiffs paid the sum of $25,000 on the purchase price of said timberlands. Testimony in response to this allegation was admissible, and it was not rendered incompetent by reason of the failure to allege other allegations. Objection to the introduction of testimony for the purpose of proving allegations that are in the complaint is not the appropriate remedy for determining whether the second cause of action is demurrable, on the ground that it fails to state facts sufficient to constitute a cause of action.

Fifth exception: It has not been made to appear that the ruling was prejudicial. Therefore the question whether it was erroneous is merely speculative. This exception is overruled.

Sixth and seventh exceptions: These exceptions cannot be sustained, for the reason that, even if testimony tending to prove the allegations of a complaint is erroneously ruled to be competent, the proper remedy is to appeal from the erroneous ruling as to the admissibility of the testimony, and, if the appeal is sustained, a new trial will be granted; but this Court will not order a nonsuit.

The remaining questions cannot be considered, for the reason that they refer to facts to be found elsewhere than in the exceptions themselves, and, therefore, are insufficient in form. *Jumper* v. *Bank,* 39 S. C. 296, 17 S. E. 980; *Holzclaw* v. *Green,* 45 S. C. 494, 23 S. E. 515; *Tucker* v. *Railway Co.,* 51 S. C. 306, 28 S. E. 943.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.