## 11303

### MOORE v. MOORE

#### (119 S. E., 248)

LANDLORD AND TENANT—IN SPECIAL PROCEEDING TO SEIZE CROP FOR RENT, DETERMINATION OF ISSUE WHETHER LANDLORD SHOULD REFUND PAYMENTS BY TENANT ON PURCHASE OF FARM HELD ERROR.—Where purchaser failed to pay an installment of the purchase money due under a realty sale contract, providing that in case of failure to pay such an installment, vendor was relieved of the duty to execute the deed and purchaser would hold as a tenant at a stated rental, and vendor brought a special proceeding under Civ. Code 1912, § 4166, for the establishment of an agricultural lien and seizure of crops for rent due, and purchaser gave bond under Section 4171, *held,* that the sole issue was whether rent was due, and it was error to decide the issue whether vendor was required to refund payments purchaser had made.

Before SHIPP, J., Chesterfield, December, 1922. Affirmed as modified.

Special proceeding by B. C. Moore against W. H. Moore. Judgment for plaintiff and defendant appeals.

*Messrs. Pegues & Murray,* for appellant, cite: *Contract binding though harsh:* 9 Cyc., 587. *Rights of vendor:* 39 Cyc., 1359. *Rescission:* 39 Cyc., 1380, 2004; 27 R. C. L., 625. *Damages may be limited by contract:* 27 R. C. L., 637; 13 Cyc., 156; 119 S. C., 78.

*Messrs. J. A. Knight, R. E. Hanna* and *C. L. Prince* for respondent.

October 2, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Prior to December 9, 1919 B. C. Moore, hereinafter referred to as the vendor, and W. H. Moore, referred to as the vendee, entered into a contract by which the vendor agreed to sell and convey to the vendee a certain tract of land for $9,975. On December 9, 1919, the vendee having paid upon the agreed purchase price, $1,000 on October 27, 1919, and $1,000 on December 9, 1919, leaving an unpaid balance of $7,975, the vendor executed and delivered to the vendee his bond for titles, by which he obligated himself to convey the land to the vendee upon payment by him of $1,993.75, on November 1, 1920, and a similar amount on November 1, 1921, November 1, 1922, and November 1, 1923, with interest payable annually at 7 per cent. upon the whole. The bond, which was also signed by the vendee, provided that—

"Failure to make any payment and all interest when due shall cause the whole debt to become due at the option of B. C. Moore," the vendor.

It also contained the following provision:

"And it is expressly agreed by and between the parties

aforesaid that time is of the essence of this contract, and that in the event of the nonpayment of said sum of money, or any part thereof, promptly at the time herein limited, that then the said B. C. Moore is absolutely discharged from any and all liability to make and execute such deed and may treat the said W. H. Moore as tenant holding over after the termination, or contrary to the terms of his lease; or, if he prefer so to do may enforce the payment of the purchase money, and failure to meet any payment shall make W. H. Moore a renter and shall pay $500.00 rent before November 15th of such year and shall surrender possession."

The vendee went into immediate possession of the land, and occupied it from December, 1919, to October, 1921, cultivating it as his own.

The installment under the bond for titles, due on November 1, 1920, was not paid at maturity, nor any interest upon the whole amount.

In October, 1921, the vendor, claiming that the vendee had breached the contract, and that under the terms of the bond had become a tenant of the vendor for the two years 1920 and 1921, at $500 per annum, procured from the Clerk of Court an agricultural warrant to seize crops, upon which the sheriff made a levy and the vendor took possession of the land. The vendee then gave notice, under the Statute (Volume 1, Code of Laws A. D. 1912, § 4166), that the amount claimed by the alleged landlord (vendor) was not justly due, and gave a replevy bond under Section 4171.

Thereafter, on August 16, 1922, the attorney for the vendor procured an order from the Clerk of Court, under Section 4166, for a trial of the issue "as to the amount of rent due said B. C. Moore by the said W. H. Moore."

There appears in the record what purports to be the answer of the vendee, W. H. Moore, the "complaint" of the vendor, B. C. Moore, though as a matter of fact it does not appear that there ever was such a pleading; we assume that it was intended as some sort of rejoinder to the order of

the clerk directing the trial of the issue as to the amount of rent. In this so-called "answer," the vendee admits that the vendor had rightfully exercised his rights under the contract, and that he, as a tenant of the vendor, was justly due the rent for 1920 and 1921 at $500 per annum, but claims by way of defense and counterclaim that the vendor having rescinded the contract was due to return to him the $2,000 paid upon the contract, and that the amount of the rent $1,000, deducted from said $2,000, left the vendor indebted to him in the sum of $1,000, for which he demands judgment.

Upon the jury trial before Judge Shipp, he held that the contract having been breached through no fault of the vendor, but by the default of the vendee, the latter was not entitled to recover from the vendor any part of the purchase money paid by him. There being no dispute as to the facts, he accordingly directed a verdict in favor of the vendor. The form of this verdict does not appear in the record; we must assume that it simply found the issue upon the amount of rent due in favor of the vendor. From the judgment entered upon this verdict, the vendee has appealed.

The proceeding before the Court was a special proceeding, under Section 4166, the sole issue being whether or not the amount of rent claimed by the vendor was justily due. There was no occasion for a money judgment, and there is no provision in the Statute for a counterclaim, and it is difficult to see how there could have been a judgment in favor of the vendee tenant upon his claim as vendee. He specifically admitted and alleged that the vendor had rescinded the contract of sale, and that he (the vendee) owed for the rent for 1920 and 1921 the sum of $1,000. This should have ended the issue as to whether or not the amount claimed for rent was justly due, really the only question at issue under the special proceeding.

But there has been injected into the proceeding the question whether or not the vendor, under the circumstances, is

obligated to refund the payments made by the vendee in 1919 prior to the alleged rescission of the contract in October, 1921. The question is raised in the so-called answer of the vendee, and has been decided against the vendee by the Circuit Judge. We regard that question as entirely foreign to the issue then before the Court, for the reasons above stated; we are of opinion that it had no place in the case and should not have been determined. The conclusion of the Circuit Judge as to it must therefore be reversed, leaving it entirely unaffected by his ruling or by this opinion, in such action as the vendee may hereafter institute, as he may be advised.

The judgment of this Court is that the judgment of the Circuit Court be affirmed, without prejudice to the privilege of the vendee to institute such action as he may be advised to determine his right to a recovery of the payments made by him upon the contract prior to its alleged rescission by the vendor as to which no intimation is intended to be expressed.

Judgment modified and affirmed.

MESSRS. JUSTICES WATTS and MARION concur.

MR. CHIEF JUSTICE GARY: I dissent on the ground that all the rights of the parties, in view of the peculiar facts and circumstances of this case, should be adjudicated before a final order is made herein.

MR. JUSTICE FRASER (dissenting): I cannot concur with Mr. Justice Cothran, but our differences may be technical, rather than of substance.

I cannot see that there has been any rescission of the contract. The contract provides for a sale, but it also provided that, if the vendee did not make certain payments, then the vendor had the right to annul the contract of sale, and to treat the relationship as that of landlord and tenant. The payments were not made, and the vendor elected under the express language of the contract to assume the relationship of landlord and tenant. B. C. Moore is standing squarely

on his contract when he claims rent under that contract and growing out of that contract, under the admitted facts.   B. C. Moore has $2,000 of the money of W. H. Moore, and it seems to me the law will apply so much of the $2,000 as is necessary to pay the rent.   There is no provision in the contract for a forfeiture.   The law is slow to enforce a forfeiture when one is provided for; it certainly will not create a forfeiture where none is even suggested by the terms of the contract, and I concur in holding that there has been no forfeiture, and the plaintiff owes the defendant $2,000, but I think the law applies $1,000 of it to the rent.   This is not counterclaim; it is payment.   Even if we were treating this case strictly as a special proceeding, I think the defendant should have judgment; but, as we are not, then I think there should also be a judgment for the defendant for the other $1,000.