### MOORE v. MOORE

#### (135 S. E., 363)

1. CONTRACTS.—Generally, prior and contemporaneous oral agreements pertaining to subsequent written agreement are conclusively presumed to be merged in such document.

2. VENDON AND PURCHASER.—Where $2,000 payment on land was not referred to in subsequent bond for title, it will be presumed that there was no obligation on part of vendor to pay any part of it back.

Before DENNIS, J., Chesterfield, July, 1925. Affirmed.

Action by W. H. Moore against B. C. Moore. Judgment for defendant, and plaintiff appeals.

The agreement referred to in the opinion was as follows:

Know all men by these presents: That I, B. C. Moore, am held firmly bound unto W. H. Moore in the penal sum of $15,950 to be paid to the said W. H. Moore, his certain attorneys, executors, and administrators or assigns, to which payment well and truly to be made and done I bind myself and each and every of my heirs, executors, and administrators, jointly and severally, firmly by these presents.

Sealed with my seal and dated at Chesterfield, S. C., the 9th day of December in the year of our Lord 1919 and

Note: As to right of vendee in contract for sale of real property to recover payments, see notes in 35 L R. A. (N. S.), 534; L. R. A., 1918B, 540; 27 R. C. L., 623; 4 R. C. L. Supp., 1762; 5 R. C. L. Supp., 1479.

in the 144th year of the sovereignty and independence of the United States of America.

Whereas the above bonded B. C. Moore has this day agreed to sell to the said W. H. Moore the following described tract of land in the County of Chesterfield, to wit: That tract of land in Mt. Croghan, Chesterfield County, S. C., containing 133 acres, more or less, bounded north by lands of John Atkinson, east by lands of W. H. Hendricks and John Atkinson, south by Deep Creek, and west by lands of B. C. Moore; same being fully shown upon plat made by Will Clarke, dated November, 1919—on the condition that said W. H. Moore shall pay the sum of $7,975 in manner following, that is to say, $1,993.75 on November 1, 1920; $1,993.75 on November 1, 1921; $1,993.75 on November 1, 1922; and $1,993.75 on November 1, 1923; interest on $7,975 from date at 7 per cent., payable annually, and failure to make any payment and all interest when due shall cause the whole debt to become due at option of B. C. Moore:

Now the condition of this obligation is such that if the said W. H. Moore shall pay the said purchase money so as aforesaid stipulated and shall in the meantime pay all taxes on said land and the said B. C. Moore shall on the completion of said payments make, execute, and deliver, or cause to be made, executed, and delivered, a good and sufficient deed of conveyance in fee simple of the land above described to the said W. H. Moore, then this obligation to be void and of none effect or else to remain in full force and virtue.

And it is expressly agreed by and between the parties aforesaid that time is of the essence of this contract, and that, in the event of the nonpayment of said sum of money or any part thereof, promptly at the time herein limited, then the said B. C. Moore is absolutely discharged from any and all liability to make and execute such deed, and may treat the said W. H. Moore as tenant holding over after the termination, or contrary to the terms of his lease; or,

if he prefer so to do, may enforce the payment of the purchase money, and failure to meet any payment shall make W. H. Moore a renter, and shall pay $500 rent before 15th November of such year and shall surrender possessin.

*Messrs, Pegues & Murray,* for appellant cite: *Statement of consideration in written instrument may be varied by parol:* 68 S. C., 106; 46 S. E., 553. *Case distinguished:* 118 S. C., 449; 110 S. E., 676. *Effect of waiver of written provision that time is of essence of contract; reasonable notice must be subsequently given that provision will be relied on:* 99 S. C., 83; 82 S. E., 994. *Where parties provide in contract for liquidated damages no more can be recovered:* 119 S. C., 78; 111 S. E., 891. *Money paid on contract subsequently rescinded may be recovered in absence of stipulation to contrary:* 78 Conn., 459; 62 A., 760; 112 A. S. R., 163 3 N. E., 785; 6 R. C. L., 943; 30 Barb. (N. Y.), 20.

*Messrs. McColl & Stevenson* and *R. E. Hanna,* for respondent.

November 5, 1926.

The opinion of the Court was delivered by Mr. Acting ASSOCIATE JUSTICE C. J. RAMAGE.

This case has been here on appeal once before and the report can be found in 126 S. C., at page 226; 119 S. E., 248. The facts are so closely stated in the opinion of Mr. Justice Cothran in that case that I shall do little more than merely refer to that opinion for a statement of the facts of the case.

In 1919, B. C. Moore was the owner of a tract of 133 acres of land in Chesterfield County, and agreed to sell the same to W. H. Moore (for $9,975), who paid $2,000 in cash. A bond for title was then drawn up and signed by both parties, whereby it was agreed that, upon W. H. Moore paying to B. C. Moore $7,975 in four equal installments of $1,993.75 each, the said B. C. Moore should convey to the said W. H. Moore the 133-acre tract of land above

referred to. The agreement will be set out in full. This action is for the recovery of the $2,000 paid by W. H. Moore to B. C. Moore before the "bond for title" was executed. This "bond" contains the entire contract so far as the parties are concerned and this must be the "chart" in determining the mutual rights and obligations between the plaintiff and the defendant.

"When parties to a contract have reduced their negotiations to a complete and perfect written agreement, all prior and contemporaneous oral agreements pertaining to it are, as a general rule, conclusively presumed to have been merged in the document; and evidence of such prior and contemporaneous oral agreements is inadmissible." Hughes on Evidence, p. 238; *Gill v. Ruggles,* 97 S. C., 278; 81 S. E., 519.

We think this rule applies here. The money was paid in reference to the 133-acre tract of land. When the contract entered into between these same parties *afterwards,* about this same tract of land, failed to contain any metion of the $2,000 payment, it is conclusively presumed that it is out of the case; and there is no objection to pay any part of it back. The $2,000 was already in the hand of B. C. Moore, and when W. H. Moore signed a contract covering all the matters and things between the parties about this 133-acre tract of land, and failed to see that some agreemen about his getting the $2,000 back was inserted, then the said W. H. Moore is barred from claiming the sum of money back.

Not only that, but W. H. Moore agreed in the contract to pay $500 as rent, in case he failed to meet any payment on the land, at the option of B. C. Moore. As nothing is said in the contract about crediting a part of the $2,000 on the rent that was to be paid after a breach of the contract by a failure on the part of W. H. Moore to make the payments as stipulated, it is presumed that no such application

can be made. In other words, after plaintiff had paid the $2,000 on the land and agreed to pay the *balance* in certain installments, and no provision was made as to a recovery of the said sum of money or any part thereof, then this must be taken as a cash payment on the land which is to be forfeited when the plaintiff failed to keep up his payments. The plaintiff had it in his power to protect himself in only one way that the law knows, and that was by carrying out his contract and making the payments as they fell due. Failing in this he has only himself or his misfortune to blame. Certainly he cannot throw the blame or the burden on defendant, who has stood always ready to carry out the contract. To quote from the excellent decree of Judge Dennis:

"It seems to me that the inevitable conclusion from this state of facts is that the vendee placed himself in default under the contract; that the vendor was never in default; consequently this case would fall under the rule laid down in many cases that the party in default cannot be permitted by the Court to take advantage of his default. The whole subject is fully treated in case cited by counsel for vendor, of *Hurley v. Anicker*, 51 Okl., 97; 151 P., 593, L. R. A., 1918-B, p. 538. Under the familiar principles of law elaborated in that case under the facts here presented, I hold that the plaintiff vendee is not entitled to recover the sum of $2,000 paid by him on account of the purchase price of the land."

Judge Dennis dismissed the complaint of the plaintiff, and plaintiff appealed to this Court.

We are satisfied that Judge Dennis was correct in his disposition of the case.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES WATTS, COTHRAN, BLEASE and STABLER concur.

MR. CHIEF JUSTICE GARY did not participate.